CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

DEC 1 3 2005

JOHN F. CORCORAN, CLERK
BY:
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RACHAEL REED, | Civil Action No.: 7:05-cv-00730 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| LABOR FINDERS, | By: Samuel G. Wilson |
| | United States District Judge |
| Defendant. | |

Plaintiff Rachael Reed, proceeding pro se, applied for in forma pauperis ("IFP") status to file an action against Labor Finders for alleged "Negligence, Endangerment, Recklessness, Carelessness, And the Violation of . . . the Civil Rights Act of 1964." The court granted Reed IFP status; however, for the reasons stated, the court dismisses Reed's action sua sponte for failure to state a claim on which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B) (stating that a court may "at any time" dismiss an in forma pauperis claim if the action "fails to state a claim on which relief may be granted").

I.

Reed alleges that Labor Finders notified her on November 16, 2005, and November 18, 2005, of a temporary position with Big Bad Wolf Trucking Company ("BBW"). Because Reed's vehicle needed repairs, she declined the job offer on November 16 but accepted the job on November 18 when Labor Finders told her that BBW's owner would provide her with transportation to and from work. Instead of taking her to work, Reed claims that BBW's owner took her to a private residence, sexually harassed her, and "put [her] in a hostile and offensive environment." Claiming that Labor Finders did not complete a "job check or personal check" of

BBW's owner, Reed seeks monetary damages for her "mental anguish, mental stress, nightmares" and "fear of accepting another job due to this situation."

## II.

Reed seeks damages under Title VII of the Civil Rights Act of 1964 ("Title VII") for sexual harassment; however, at this juncture, she does not have standing to file suit under Title VII. "Before a plaintiff has standing to file suit under Title VII, [the plaintiff] must exhaust his administrative remedies by filing a charge with the EEOC." Bryant v. Bell Atlantic Maryland, Inc., 288 F.3d 124, 132 (4th Cir. 2002). Reed does not allege that she has exhausted her administrative remedies nor is it likely that she could have done so given that she filed this action less than two weeks after the alleged incident. Thus, the court finds that she does not have standing to file an action under Title VII at this time.

Reed also seeks damages for negligence, endangerment, recklessness, and carelessness and claims that the court has subject matter jurisdiction pursuant to § 1332, which grants the federal courts original jurisdiction over all "civil actions where the matter in controversy exceeds the sum or value of $75,000," and the action is between citizens of different states. Reed, a citizen of Virginia, seeks damages in excess of $75,000; however, she has failed to allege a sustainable basis of jurisdiction.[1] Reed has not alleged nor is there any indication that Labor Finders is not incorporated in Virginia and does not have its principal place of business in Virginia. See 28 U.S.C. § 1332(c)(1) (stating that for purposes of § 1332 a corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it

---

[1] "The plaintiff seeking relief in federal court bears the burden of alleging and proving the facts conferring jurisdiction." Gambelli v. U.S., 904 F. Supp. 494, 496 (E.D. Va. 1995) (citing Sligh v. Doe, 596 F.2d 1169, 1170 (4th Cir. 1979)).

2

has its principal place of business").

## III.

For the foregoing reasons, the court dismisses Reed's claim without prejudice because she fails to state a claim on which relief may be granted.

ENTER: This 13th day of December 2005.

_____
UNITED STATES DISTRICT JUDGE

3